IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RICHARD HENRY JOHNSON,

        Plaintiff,        Civil No. 10-05-AA

        v.        ORDER

RICK COURSEY, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, in inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights arising out of a disciplinary sanction issued in July 2009. Specifically, plaintiff alleges that defendants violated his due process rights, his right to be free from cruel and unusual punishment and his right to be free from double jeopardy. Amended Complaint (#10) Defendants now move for summary judgment. (#36)

1 - ORDER

Plaintiff swung a padlock tied to a shoestring at another inmate, resulting in a fractured skull and other injuries. Powell Declaration (#38) ¶ 2. Plaintiff was found to have violated ODOC rules against assault, disrespect, possession of a weapon, and presence in an unauthorized area and sanctioned to 180 days of disciplinary segregation, 28 days loss of privileges, and a $200 fine. Id. ¶ 7-8.

In Claim 1, plaintiff alleges that the imposition of consecutive disciplinary segregation sanctions constituted a "double/former jeopardy violation." Amended Complaint (#10) p. 4.

The un-controverted declaration of David Powell establishes that plaintiff did not receive "consecutive sanctions" but rather received one 180-day disciplinary segregation sanction for the charge of Assault I. Powell Declaration (#38) Attachment 2, p. 2. Thus, plaintiff's claim 1 fails as a factual matter.

Moreover, the double jeopardy clause does not apply to prison disciplinary sanctions. See, United States v. Brown, 59 F.3d 102, 104 (9th Cir. 1995). Therefore, plaintiff's Claim 1 fails as a matter of law.

Plaintiff alleges in Claim II that the imposition of a sanction based on "false charges" constituted cruel and unusual punishment. Amended Complaint (#10) p. 5-8.

2 - ORDER

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976). Only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992), quoting Rhodes v. Chapman, supra at 347 and Wilson v. Sieter, 501 U.S. 294, 298 (1991).

Plaintiff's claim seems to be that because he was "falsely convicted" his sanction was cruel and unusual. However, plaintiff has not alleged any facts that would establish he was subjected to the unnecessary and wanton infliction of pain or deprived of the minimal civilized measure of life's necessities. Therefore, defendants are entitled to judgment as a matter of law on plaintiff's Eight Amendment claim.

In Claims III and IV, plaintiff alleges that defendants violated his due process rights because there was insufficient evidence to support the imposition of the sanction and because he was denied the right to call a witness. Amended Complaint (#10) p. 8-11.

Due process requires only "some evidence" to support a prison disciplinary decision. Superintendent v. Hill, 472 U.S.

3 - ORDER

445, 454 (1985); <u>Bruce v. Ylst</u>, 351 F.3d 1283 (9th Cir. 2003).

In this case, there was confidential eyewitness tsetimony identifying plaintiff as the person that assaulted another inmate. Powell Declaration (#38) ¶ 5, Attachment 2; and Supplemental Declaration of David Powell (#39) (sealed). There was also evidence that the victim was trnsported to the hospital and treated for a skull fracture. <u>Id</u>. These eyewitness accounts and the evidence of serious injury constitute "some evidence" that plaintiff engaged in Assault I, causing serious injury to another inmate.

Plaintiff complains that he was not allowed to call witnesses to support his defense. Although the procedural due process requirement set forth in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-72 (1974) include the right to call witnesses, that right is not absolute. A hearings officer may decline to call a requested witness on grounds of lack of relevance, lack of necessity or "the hazards presented in an individual case." <u>Id</u>. at 566.; *see also*, <u>Piggie v. Cotton</u>, 344 F.3d 674, 677 (7th Cir. 2003).

In this case, the record reflects that the hearings officer appropriately exercised his discretion to decline plaintiff's request to present one witness testimony because it would not mitigate the charges. Supplemental Declaration of David Powell (#39).

4 - ORDER

Defendants are entitled to judgment as a mater of law on plaintiff's due process claim.

In Claim IV, plaintiff also alleges that defendants engaged in a conspiracy to deprive him of his rights and violated a laundry list of various other constitutional, statutory and common law rights. Amended Complaint (#10) p. 11-12. However, plaintiff has not alleged any facts or argument to support these claims other than those in support of his due process claim. Therefore, defendants are entitled to judgment as a matter of law as to any additional claims plaintiff seeks to raise in Claim IV.

Based on all of the foregoing, I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law. Defendants Motion for Summary Judgment (#36) is allowed. This proceeding is dismissed.

IT IS SO ORDERED

DATED this /  day of October, 2011.

_____
Ann Aiken
United State District Judge

5 - ORDER